1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11

EUGENE ORANGE,

Civil No.   07-0749 J (NLS)

12

Petitioner,

13

vs.

**ORDER DISMISSING CASE WITHOUT PREJUDICE**

14

JAMES TILTON, Secretary

15

Respondent.

16     Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus

17  under 28 U.S.C. § 2254.

18  **FAILURE TO SATISFY FILING FEE REQUIREMENT**

19     Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma

20  pauperis.  This Court cannot proceed until Petitioner has either paid the $5.00 filing fee or

21  qualified to proceed in forma pauperis.  See Rule 3(a), 28 U.S.C. foll. § 2254.

22  **FAILURE TO ALLEGE EXHAUSTION**

23  **WITH RESPECT TO ALL CLAIMS IN THE PETITION**

24     The exhaustion requirement is satisfied by providing the state courts with a "fair

25  opportunity" to rule on Petitioner's constitutional claims.  Anderson v. Harless, 459 U.S. 4, 6

26  (1982).  In most instances, a claim is exhausted once it is presented to a state's highest court,

27

28

1  either on direct appeal or through state collateral proceedings.[1]  See Sandgathe v. Maass, 314

2  F.3d 371, 376 (9th Cir. 2002).  The constitutional claim raised in the federal proceedings must

3  be the same as that raised in the state proceedings.  See Anderson, 459 U.S. at 6.

4       Here, Petitioner acknowledges that he has not raised claim four, asserting ineffective

5  assistance of appellate counsel, in the California Supreme Court.  (Pet. at 9.)  Therefore, the

6  claim appears to be unexhausted.

7  <center>**PETITIONER'S OPTIONS**</center>

8       Because Petitioner has failed to allege exhaustion of state court remedies with respect to

9  all the issues raised in his federal Petition, the Petition is subject to dismissal without prejudice.

10  The Court outlines Petitioner's options as follows:

11      **i)  First Option:  Demonstrate Exhaustion**

12       Petitioner may file further papers with this Court to demonstrate that he has in fact

13  exhausted the claims the Court has determined are likely unexhausted.  If Petitioner chooses this

14  option, his papers are due no later than **July 9, 2007**.

15      **ii)  Second Option:  Voluntarily Dismiss the Petition**

16       Petitioner may move to voluntarily dismiss his entire federal petition and return to state

17  court to exhaust his unexhausted claims.  Petitioner may then file a new federal petition

18  containing only exhausted claims.  See Rose v. Lundy, 455 U.S. 509, 510, 520-21 (1982)

19  (stating that a petitioner who files a mixed petition may dismiss his petition to "return[] to state

20  court to exhaust his claims").  If Petitioner chooses this second option, he must file a pleading

21  with this Court no later than **July 9, 2007**.

22       Petitioner is cautioned that any new federal petition must be filed before expiration of the

23  one-year statute of limitations.  Ordinarily, a petitioner has one year from when his conviction

24  became final to file his federal petition, unless he can show that statutory or equitable "tolling"

---

[1]  28 U.S.C. § 2254 (b)(1)-(2) states:

(b) (1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -

    (A) the applicant has exhausted the remedies available in the courts of the State; or

    (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

  (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

07cv0749

applies.  Duncan v. Walker, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d).[2]  Filing a petition in federal court does not stop the statute of limitations from running.  Id. at 181-82; Frye v. Hickman, 273 F.3d 1144, 1145-46 (9th Cir. 2001); 28 U.S.C. § 2244(d).

### iii)  Third Option:  Formally Abandon Unexhausted Claims

Petitioner may formally abandon his unexhausted claims and proceed with his exhausted ones.  See Rose, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may "resubmit[] the habeas petition to present only exhausted claims").  If Petitioner chooses this third option, he must file a pleading with this Court no later than **July 9, 2007**.  .

Petitioner is cautioned that once he abandons his unexhausted claims, he may lose the ability to ever raise them in federal court.  See Slack v. McDaniel, 529 U.S. 473, 488 (2000) (stating that a court's ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive); see also 28 U.S.C. § 2244 (a)-(b).[3]

### iv)  Fourth Option: File a Motion to Stay the Federal Proceedings

Petitioner may move to dismiss his unexhausted claims without prejudice and stay this federal proceeding while he returns to state court to exhaust his unexhausted claims.  Calderon

---

[2]  28 U.S.C. § 2244 (d) provides:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

[3]  28 U.S.C. § 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under § 2254 shall be dismissed unless:
    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
    (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

07cv0749

1  v. U.S. Dist. Ct. for the N. Dist. of Cal., 134 F.3d 981, 986-88 (9th Cir. 1998); Valerio v.

2  Crawford, 306 F.3d. 742, 770-71 (9th Cir. 2002) (en banc).  If Petitioner chooses this fourth

3  option, he must file a pleading with this Court no later than **July 9, 2007**.

**CONCLUSION**

5      Based on the foregoing, the Court **DISMISSES** the Petition without prejudice because

6  Petitioner has failed to: (1) satisfy the filing fee requirement, and (2) allege exhaustion of state

7  judicial remedies with respect to <u>all</u> claims raised in the Petition.  If Petitioner wishes to proceed

8  with this case, he must, **no later than July 9, 2007**: (1) either pay the $5.00 filing fee or submit

9  a copy of this Order with adequate proof of his inability to pay the filing, **and** (2) choose one of

10  the options set forth above by submitting either a  "*Supplemental Memorandum Demonstrating*

11  *Exhaustion*, a "*Motion to Dismiss Habeas Corpus Petition in Order to Exhaust State Court*

12  *Remedies*," a" a *"Formal Declaration of Abandonment of Unexhausted Claims"* or a *"Motion*

13  *to Stay the Proceedings*."  If Petitioner fails to respond to this Order, the case will remain

14  dismissed without prejudice.

15      *For Petitioner's convenience, the Clerk of Court shall attach to this Order, a blank*

16  *motion to proceed in forma pauperis form and blank First Amended Petition form.*

17      **IT IS SO ORDERED.**

19   DATED:  May 11, 2007

20  _____
21  HON. NAPOLEON A. JONES, JR.
    United States District Judge

07cv0749