cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Eugene Orange,<br><br>　　　　　　　Petitioner,<br>v.<br><br>James Tilton, Secretary,<br><br>　　　　　　　Respondent. | Civil No.07cv0749 J (AJB)<br><br>Order Denying Motion For<br>Appointment Of Counsel<br>[Doc. No. 14] |

　　　　Petitioner, Eugene Orange, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus under § 2254 challenging his February 10, 2005, conviction for first degree murder and acquiring a credit card with intent ti defraud in San Diego County Superior Court Case No. SCN 165993. Petitioner has filed a motion seeking the appointment of counsel in this case. For the reasons set forth below, Petitioner's Motion is DENIED.

　　　　The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *McCleskey v. Zant,* 499 U.S. 467, 495 (1991); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the court "determines that the interests of justice so require.'" 18 U.S.C. § 3006A(a)(2)(B) (West Supp. 1995); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994).

The interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition. *Terrovona,* 912 F.2d at 1177; *Knaubert*, 791 F.2d at 728; *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994); Rule 8(c), 28 U.S.C. foll. § 2254. The appointment of counsel is discretionary when no evidentiary hearing is necessary. *Terrovona,* 912 F.2d at 1177; *Knaubert*, 791 F.2d at 728; *Abdullah,* 18 F.3d at 573. In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196; *Knaubert,* 791 F.2d at 728-29. A due process violation may occur in the absence of counsel if the issues involved are too complex for the petitioner. In addition, the appointment of counsel may be necessary if the petitioner has such limited education that he or she is incapable of presenting his or her claims. *Hawkins v. Bennett*, 423 F.2d 948, 950 (8th Cir. 1970). In making this inquiry, this Court is mindful of the fact that "[t]he procedures employed by the federal courts are highly protective of a pro se petitioner's rights. The district court is required to construe a pro se petition more liberally than it would construe a petition drafted by counsel." *Knaubert*, 791 F.2d at 729 (*citing Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (*per curiam*)).

Petitioner argues that he is entitled to appointed counsel because he has no legal training, has a limited education, has difficulty understanding the nature of the proceedings which involve complex legal issues, and he is currently housed in an institution that lacks an adequate law library.

This Court disagrees. The issues presented in this habeas petition are not of sufficient complexity to warrant the appointment of counsel. From the face of the petition, filed pro se, it appears that Petitioner has a good grasp of this case and the legal issues involved. Furthermore, the Petitioner has failed to identify any particular inadequacies in the prison law library to support his claims that it is inadequate and the Petitioner has demonstrated in his moving papers to date the ability to cite relevant authority.[1] Under such circumstances, a district court does not abuse its discretion in denying the Petitioner's request for appointment of counsel. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir.1987).

---

[1] The Ninth Circuit has held that a "[p]rison need not provide its inmates with a library that results in the best possible access to the courts. Rather, the [p]rison must provide its inmates with a library that meets minimum constitutional standards." *Lindquist v. Idaho State Bd. of Corrections*, 776 F.2d 851, 856 (9th Cir.1985).

1  At this stage of the proceedings, the Court finds that the interests of justice do not require the appoint-
2  ment of counsel.
3      IT IS SO ORDERED.

5  DATED: February 15, 2008

                                                  Hon. Anthony J. Battaglia
                                                  U.S. Magistrate Judge
                                                  United States District Court