# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EUGENE ORANGE, | ) | Civil No. 07cv0749 J (AJB) |
| Petitioner, | ) | **ORDER:** |
| v. | ) | **1) ADOPTING MAGISTRATE JUDGE BATTAGLIA'S REPORT AND RECOMMENDATION; AND** |
| JAMES TILTON, Secretary, et al. | ) | |
| Respondent. | ) | **2) DENYING PETITIONER'S MOTION TO STAY** |

Eugene Orange ("Petitioner"), a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28. U.S.C. § 2254. Petitioner failed to allege exhaustion of ground four of the petition and now seeks to stay-and-abey the petition and exhaust his unexhausted claim in state court. Before the Court is Magistrate Judge Anthony J. Battaglia's Report and Recommendation ("R&R") recommending that the Court deny Petitioner's motion to stay. For the reasons set forth below, this Court **ADOPTS** the R&R and **DENIES** Petitioner's motion to stay.

## *Factual Background*

Petitioner is a California State Prisoner serving a sentence of 111 years to life in State Prison for (1) first degree murder, and (2) acquiring a credit card with intent to defraud.

Petitioner has filed a petition for writ of habeas corpus in this Court raising four grounds for relief.  (*See* Pet'r's Motion to Stay (Pet'r's Mot.) at 1.)  Petitioner filed and exhausted the first three claims of his petition for writ of habeas corpus in state court.  His fourth claim, ineffective assistance of appellate counsel, was not raised in state court. (*See* Pet'r's Mot.)

### *Procedural Background*

On April 23, 2007, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, which was dismissed by this Court on May 24, 2007, for failure to pay the filing fee.  The Court also noted in its May 24, 2007 order, that the Petitioner failed to allege exhaustion of ground four of the Petition and advised Petitioner of the four options available to him.[1]  On June 1, 2007, this Court granted Petitioner's application to proceed in forma pauperis, but stated that the action remained dismissed without prejudice while Petitioner selected among the four options identified by the Court in its May 24, 2007 order.  On June 14, 2007, Petitioner filed a motion to stay the petition.  On September 25, 2007, Respondent filed an opposition to the motion and on November 7, 2007, Petitioner filed a status report to inform the Court of his progress in exhausting ground four in state court.

### *Standard of Review*

#### I.   <u>State Prisoner Habeas Corpus Standard.</u>

A federal court's duty in examining a state prisoner's habeas petition is governed by the 1996 Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254.  Under 28 U.S.C. § 2254(a) a federal court may grant a habeas petition if the applicant is in custody "in violation of the Constitution of other laws or treaties of the United States."  Pursuant to the

---

[1]Petitioners who choose to file mixed petitions are left with four options:  (1) demonstrate exhaustion; (2) withdraw the unexhausted claims and proceed only on exhausted claims; (3) dismiss the entire mixed petition and return to state court to exhaust the unexhausted claims before returning to federal court with a completely exhausted petition; and (4) file a motion to stay the petition and hold it in abeyance while returning to state court to exhaust the previously unexhausted claims before returning to federal court to lift the stay and allow the petitioner to proceed with the completely exhausted petition. *Calderon v. District Court (Taylor)*, 134 F.3d 981, 986 (9th Cir. 1988); *see also James v. Giles*, 21 F.3d 1074, 1077-78 (9th Cir. 2000).

AEDPA, a federal court may grant habeas corpus relief from a state court judgment only if the adjudication was (1) contrary to, or involved an unreasonable application of, clearly established federal law, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  28 U.S.C. § 2254(d); *Early v Packer,* 537 U.S. 3, 7-8 (2002).

A federal court may grant relief under the "contrary to" clause if (1) the state court applied a rule different from the governing law set forth in Supreme Court cases, or (2) if it decided a case differently than the Supreme Court on a set of materially indistinguishable facts. *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003).  The court may grant relief under the "unreasonable application" clause if the state court correctly identified the governing legal principle from Supreme Court decisions but unreasonably applied those decisions to the facts of a particular case.  *Id.* at 76.  Additionally, the state court's factual determinations are presumed correct, and the petitioner carries the burden of rebutting this presumption with "clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

## II.    Reviewing a Magistrate Judge's Report and Recommendation

The district court's duties in connection with a magistrate judge's R&R are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1).  *See* Federal Rules of Civil Procedure 72(b); 28 U.S.C. § 636(b)(1).  The district court must make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 676 (1980). "When no objections are filed, the district court may assume the correctness of the magistrate judges findings of fact and decide the motion of the applicable law."  *Johnson v. Nelson,* 142 F. Supp. 2d 1215, 1217 (S.D. Cal. 2001).  "Under such circumstances, the Ninth Circuit has held that 'a failure to file objections only relieves the trial court of its burden to give de novo review to factual findings; conclusions of law must still be reviewed de novo.'"  *Id.*  (Quoting *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).)  Thus, the Court conducts a de novo review of any factual findings to which Petitioner objects and a de novo review of conclusions of law.

### *Discussion*

1    Petitioner argues that the Court should stay the instant petition because ground four may

2  be dispositive.  (*See* Pet'r's Mot. at 1.)  However, the stay-and-abeyance procedure is only

3  available in limited circumstances, where the district court determines:  (1) there is good cause

4  for the petitioner's failure to exhaust his claims first in state court; (2) the unexhausted claims

5  are not meritless; and (3) the petitioner has acted with reasonable diligence to exhaust the

6  unexhausted claims.  *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

7

8    In the R&R, Magistrate Judge Battaglia found that Petitioner had not demonstrated good

9  cause for his failure to exhaust ground four in state court.  (R&R at 2.)  Petitioner has not alleged

10 that the factual basis of this claim was newly discovered or could not have been discovered

11 earlier through the exercise of reasonable diligence.  (*Id.*)  Petitioner claims that his counsel

12 failed to argue that some evidence was improperly admitted.  (*See* Pet'r's Mot.)  As such,

13 Petitioner has been aware of the factual predicates since at least the date of filing of the opening

14 brief in his direct appeal.  However, appellate counsel did raise the fourth claim to the state court

15 of appeal,[2] so the issue was before the California Supreme Court regardless of whether it was

16 presented as a distinct issue in Petitioner's Petition for Review.  *See* Cal. R. Ct. 8.516(b)(2) (the

17 court may decide an issue that is neither raised nor included in the petition for review if the case

18 presents the issue and the court gives the parties an opportunity to brief and argue it).  While

19 Petitioner has acted with reasonable diligence, he has failed to meet the first two requirements

20 set forth in *Rhines*.  *Rhines v. Weber*, 544 U.S. at 277-78.  As such, the Court **ADOPTS**

21 Magistrate Judge Battaglia's R&R finding the requested stay inappropriate and therefore

22 **DENIES** Petitioner's Motion to Stay.  In addition to recommending Petitioner's motion be

23 denied, the R&R recommends this Court allow the Petitioner an opportunity to delete the

24 unexhausted claim and proceed only on exhausted claims.  *See Rose v. Lundy,* 455 U.S. 509, 522

25 (because a total exhaustion rule promotes comity and does not unreasonably impair the

26 prisoner's right to relief, a district court must dismiss habeas petitions containing both

27 unexhausted and exhausted

28

_____

[2]See Respondent's Opp., Exh. A, at 37-46.

1   ///

2   ///

3   ///

4

5   claims). This Court **ADOPTS** the R&R's recommendation and allows Petitioner an opportunity

6   to delete his unexhausted claim.

7                                  *Conclusion*

8          For the reasons set forth above, Petitioner's Motion to Stay is **DENIED**.

9          **IT IS SO ORDERED.**

10

11  DATED:  March 18, 2008

12                                        _____

13                                        HON. NAPOLEON A. JONES, JR.
                                          United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28